**Glenn S. Bacal** (AZ Bar No. 006812)
E-mail:  glenn.bacal@bacalgroup.com
**Sean D. Garrison** (AZ Bar No. 014436)
E-mail:  sean.garrison@bacalgroup.com
**BACAL LAW GROUP, P.C.**
**D/B/A/ BACAL & GARRISON LAW GROUP**
6991 East Camelback Road, Suite D-102
Scottsdale, Arizona  85251
Telephone:  (480) 245-6230
Fax: (480) 245-6231

OF COUNSEL:
**Brian W. Brokate** (pro hac vice motion forthcoming)
E-mail:  bwbrokate@gibney.com
**Beth M. Frenchman** (pro hac vice motion forthcoming)
E-mail:  bfrenchman@gibney.com
**Maja Szumarska** (pro hac vice motion forthcoming)
E-mail:  mszumarska@gibney.com
**GIBNEY ANTHONY & FLAHERTY, LLP**
665 Fifth Avenue
New York, New York 10022
Telephone:  (212) 688-5151
Fax:  (212) 688-8315

*Attorneys for Plaintiff*
*Rolex Watch U.S.A., Inc.*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rolex Watch U.S.A., Inc. | Civil Action No. _____ |
| Plaintiff, | |
| vs. | **Complaint** |
| Vintage Watchmaker LLC and Jensen Dinh, | |
| Defendants. | |

Plaintiff Rolex Watch U.S.A., Inc. ("Rolex" or "Plaintiff"), through its

attorneys, complaining of defendants Vintage Watchmaker LLC ("Vintage

Watchmaker") and Jensen Dinh ("Dinh"), (hereinafter collectively the "Defendants"), hereby alleges as follows:

**INTRODUCTION**

1.      This is an action by Rolex against Defendants for injunctive relief, profits, trebled and/or statutory damages, pre-judgment interest, attorneys' fees and costs under the Lanham Act based on Defendants' counterfeit and infringing use of Rolex's trademarks in connection with the advertising, promotion, service and sale of watch parts and other merchandise that are not authorized or sponsored by Rolex and that are not genuine products of Rolex.

**THE PARTIES**

2.      Rolex is a corporation duly organized and existing under the laws of the State of New York, having an office and principal place of business at 665 Fifth Avenue, New York, New York, 10022.

3.      Upon information and belief, defendant Vintage Watchmaker is a limited liability company formed under the laws of the State of Arizona and is registered to do business in the State of Arizona, and has a principal place of business at 150 N. Lakeview Blvd., Unit 16, Chandler, Arizona 85225, and has committed the tortious acts complained of within this Judicial District.

4.      Upon information and belief, defendant Dinh is an unmarried individual and the founder, owner and sole operator of defendant Vintage Watchmaker, operating and doing business in the State of Arizona and has offices and places of business at

150 N. Lakeview Blvd., Unit 16, Chandler, Arizona 85225 and 1099 W. Sierra Madre Avenue, Gilbert, AZ 85233, and has committed the tortious acts complained of within this Judicial District.

5.      Upon information and belief, Defendants are doing business as and through the website www.vintagewatchmaker.com and has an established email address at info@vintagewatchmaker.com through which the Defendants sell their products.

### JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over the claims asserted in this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b).

7.      Defendants are subject to the Court's jurisdiction because they reside and/or do business in this Judicial District and have committed the acts complained of herein in this Judicial District.

8.      Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b).

### ADDITIONAL FACTUAL ALLEGATIONS

### Rolex's Famous Trademarks

9.      Rolex is the exclusive importer and distributor of Rolex watches in the United States, all of which bear one or more of the Rolex Registered Trademarks, as defined *infra*.

10.     Rolex watches are identified by the trade name and trademark ROLEX.

11.     Rolex is responsible for promoting, marketing and selling in interstate commerce throughout the United States high quality Rolex watches, watch bracelets,

and related products (hereinafter referred to as "Rolex Watches").

12.     Rolex is responsible for maintaining control over the quality of Rolex Watches and services in this country.

13.     Rolex has developed an outstanding reputation because of the uniform high quality of Rolex Watches.

14.     Rolex is the owner of the following trademarks and trademark registrations issued by the U.S. Patent and Trademark Office:

| Trademark | Reg. No. | Date | Goods |
|---|---|---|---|
| ROLEX | 0,101,819 | 1/12/1915 | Watches, clocks, parts of watches and clocks, and their cases. |
| OYSTER | 0,239,383 | 3/6/1928 | Watches, movements, cases, dials, and other parts of watches. |
| PRESIDENT | 0,520,309 | 1/24/1950 | Wristbands and bracelets for watches made wholly or in part or plated with precious metals, sold separately from watches. |
| ♔ (Crown Design) | 0,657,756 | 1/28/1958 | Timepieces of all kinds and parts thereof. |
| ♔ (Crown Design) | 1755226 | 3/2/1993 | Jewelry |
| DATEJUST | 0,674,177 | 2/17/1959 | Timepieces and parts thereof. |
| GMT-MASTER | 0,683,249 | 8/11/1959 | Watches. |
| COSMOGRAPH | 0,733,081 | 6/19/1962 | Watches and chronometers. |
| SEA-DWELLER | 0,860,527 | 11/19/1968 | Watches, clocks and parts thereof. |
| MILGAUSS | 0,875,616 | 8/26/1969 | Watches [and clocks,] and parts thereof. |
| OYSTER PERPETUAL | 1,105,602 | 11/7/1978 | Watches and parts thereof. |
| YACHT-MASTER | 1,749,374 | 1/26/1993 | Watches. |
| SUBMARINER | 1,782,604 | 7/20/1993 | Watches. |
| ROLEX DAYTONA | 1,960,768 | 3/5/1996 | Watches. |
| DAYTONA | 2,331,145 | 3/21/2000 | Watches. |
| EXPLORER II | 2,445,357 | 4/24/2001 | Watches. |

4

| Trademark | Reg. No. | Date | Goods |
|---|---|---|---|
| **EXPLORER** | 2,518,894 | 12/18/2001 | Watches. |
| **PEARLMASTER** | 2,547,630 | 3/12/2002 | Watches. |
| **AIR-KING** | 2,953,542 | 5/17/2005 | Watches and parts thereof. |
| **GMT-MASTER II** | 2,985,308 | 8/16/2005 | Watches and parts thereof. |

Correct and true copies of these federal trademark registrations (hereinafter collectively referred to as the "Rolex Registered Trademarks") are attached as **Exhibit 1**, which is incorporated herein by reference.

15.     The Rolex Registered Trademarks are in full force and effect and have become incontestable pursuant to 15 U.S.C. § 1065.

16.     The Rolex Registered Trademarks are distinctive and are used to identify high quality products originating with Rolex.

17.     The Rolex Registered Trademarks are arbitrary and fanciful and are entitled to the highest level of protection afforded by law.

18.     Rolex and its predecessors have used the ROLEX trademark for nearly a century on and in connection with Rolex Watches and related products.  As such, the ROLEX trademark is one of the most famous marks in the world.

19.     Rolex and/or its predecessors have used the Rolex Registered Trademarks for many years on and in connection with Rolex Watches well prior to the activities of the Defendants complained of herein.

20.     All Rolex Watches are identified by Rolex's registered ROLEX and ♛ (hereafter "CROWN DESIGN") trademarks and one or more of, but not limited to, the following registered trademarks owned by Rolex: OYSTER, OYSTER

5

PERPETUAL, PRESIDENT, DATEJUST, GMT-MASTER, YACHT-MASTER, SUBMARINER, and DAYTONA (see **Exhibit 1**).

21.     The general and necessary components of Rolex Watches include at least: the watch movement, the watch case, the dial, the bezel, the winding crown and the watch bracelet (sometimes also called the watch band).

**DEFENDANTS' ACTIVITIES**

22.     Defendants' activities, complained of herein, began long after Rolex's adoption, use and registration of the Rolex Registered Trademarks on and in connection with its Rolex Watches.

23.     Defendants operate, own, and/or use the website to advertise, promote and offer for sale merchandise, including watch parts and other merchandise, bearing counterfeit copies of the Rolex Registered Trademarks.  Attached as **Exhibit 2** are screenshots of Defendants' Websites taken on June 12, 2018 and July 12, 2018.

24.     On March 28, 2018, Rolex purchased one "(1) Complete Project Kit / Vintage /Submariner/ Ref. 5513" from Defendants for which it paid $1,705.00, including shipping in the amount of $10.00 ("Counterfeit Project Kit").  The Counterfeit Project Kit included a case, bezel, dial and hand set.

25.     On April 11, 2018, Rolex received the Counterfeit Project Kit.  The return address on the shipping label stated, "Jensen Dinh, Vintage Watchmaker, 101 N. Colorado St., #3352, Chandler, AZ 85225-5534".  Attached as **Exhibit 3**, which is incorporated herein by reference, are images of the watch parts included in the

Counterfeit Watch Kit.

26.     Rolex examined the Counterfeit Watch Kit and determined as follows:

    a.  The dial is not a genuine Rolex dial yet bears counterfeit copies of the ROLEX, CROWN DESIGN, SUBMARINER, AND OYSTER PERPETUAL trademarks.

    b.  The serial number on the watch case does not match the model and style of the original watch manufactured by Rolex.

    c.  The winding crown is not a genuine Rolex winding crown yet bears a counterfeit copy of the CROWN trademark.

    d.  The watch case, bezel, dial and hands were not manufactured by Rolex.

    e.  The inside of the watch case is engraved with a false designation of origin of "MONTRES ROLEX S.A. GENEVA SWITZERLAND."

27.     Defendants' Websites falsely advertise and offer for sale Rolex watch parts in a manner calculated to mislead consumers.

28.     Defendants' acts as aforesaid are deliberately calculated to confuse and deceive the public and are performed with full knowledge of Rolex's rights.  Said acts constitute willful and deliberate infringement of Rolex's rights in the Rolex Registered Trademarks.

29.     Defendants are not now, nor have they ever been, associated, affiliated, or

connected with, or endorsed or sanctioned by Rolex.

30.     Rolex is not able to monitor, enforce or maintain its quality control standards on the counterfeit Rolex products Defendants assemble, offer for sale and sell.

31.     Defendants' use of the Rolex Registered Trademarks in the manner described above tends to and does create the erroneous impression that Defendants' products emanate or originate from Rolex, and/or that said products are authorized, sponsored, or approved by Rolex, even though they are not.  This confusion causes irreparable harm to Rolex and the Rolex Registered Trademarks.

32.     Defendants have been unjustly enriched by illegally using and misappropriating Rolex's intellectual property for their own financial gain. Furthermore, Defendants have unfairly benefited and profited from Rolex's outstanding reputation for high quality products and its significant advertising and promotion of Rolex Watches and the Rolex Registered Trademarks.

33.     Defendants' acts, as set forth herein, were willful and deliberate.  Therefore, this case constitutes an exceptional case under 15 U.S.C. § 1117(a).

34.     Rolex has suffered irreparable harm and damages as a result of Defendants' conduct.

35.     Upon information and belief, Defendants' acts will continue unless enjoined by this Court.

36.     Rolex has no adequate remedy at law.

## COUNT I – TRADEMARK COUNTERFEITING, 15 U.S.C. § 1114

37.     Rolex hereby incorporates by reference all prior allegations set forth in paragraphs 1-36 herein.

38.     Defendants have used spurious designations that are identical with, or substantially indistinguishable from, the ROLEX, CROWN DESIGN, SUBMARINER, and OYSTER PERPETUAL trademarks, and possibly other Rolex Registered Trademarks, on the watch parts and other merchandise they sold.

39.     Defendants have intentionally used these spurious designations, knowing they are counterfeit, in connection with the advertisement, promotion, offering for sale and sale of counterfeit watch parts and other merchandise.

40.     Defendants' unauthorized use of the Rolex Registered Trademarks as set forth above is likely to:

   a. Cause confusion, mistake and/or deception;

   b. Cause the public to believe that Defendants' counterfeit watch parts are genuine watch parts, or that Defendants' products are authorized, sponsored or approved by Rolex, when they are not; and

   c. Result in Defendants unfairly benefiting from Rolex's advertising and promotion and profiting from the Rolex reputation and the Rolex Registered Trademarks all to the substantial and irreparable injury of the public, Rolex, the Rolex

Registered Trademarks, and the substantial goodwill represented thereby.

41.     Defendants' acts as aforesaid constitute willful trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

42.     By reason of the foregoing, Defendants are liable to Rolex for: (a) an amount representing three times Rolex's damages and/or Defendants' profits, whichever is greater, or an election of statutory damages; and (b) reasonable attorneys' fees, costs including investigative fees, and pre-judgment interest pursuant to 15 U.S.C. § 1117.

## COUNT II – TRADEMARK INFRINGEMENT, 15 U.S.C. § 1114

43.     Rolex hereby incorporates by reference all prior allegations set forth in paragraphs 1-36 herein.

44.     Defendants use the Rolex Registered Trademarks to advertise and promote their watch parts and other merchandise in a manner which is likely to cause consumer confusion and mistake and to deceive consumers into believing that the Defendants' products are in some way authorized, sanctioned, or affiliated with Rolex, when they are not.

45.     Defendants' activities, complained of herein, constitute use in commerce of copies or colorable imitations of the Rolex Registered Trademarks in a manner which is likely to cause confusion and mistake in the minds of the public in violation of 15 U.S.C. § 1114.

46.     Defendants have engaged in the aforementioned activities with the intent to confuse and deceive the public into believing that Defendants and the merchandise they sell are in some way sponsored by, or affiliated or associated with Rolex, when in fact they are not.

47.     Defendants' acts as aforesaid constitute willful trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

48.     By reason of the foregoing, Defendants are liable to Rolex for: (a) an amount representing Rolex's damages; (b) Defendants' profits; and (c) reasonable attorneys' fees, costs including investigative fees, and pre-judgment interest pursuant to 15 U.S.C. § 1117.

**COUNT III – FALSE DESIGNATION OF ORIGIN, FALSE DESCRIPTIONS AND REPRESENTATIONS, AND UNFAIR COMPETITION, 15 U.S.C. § 1125(a)**

49.     Rolex hereby incorporates by reference all prior allegations set forth in paragraphs 1-36 herein.

50.     Defendants' acts as aforesaid constitute the use in commerce of false designations of origin, false descriptions and representations, and unfair competition because such designations, descriptions and representations tend to falsely designate, describe and/or represent Defendants' watch parts as those of Rolex in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

51.     By reason of the foregoing, Defendants are liable to Rolex for: (a) an amount representing Rolex's damages; (b) Defendants' profits; and (c) reasonable attorneys'

fees, costs including investigative fees, and pre-judgment interest pursuant to 15 U.S.C. § 1117.

## COUNT IV – Arizona Common Law Trademark Infringement
## and Unfair Competition

52.     Rolex hereby incorporates by reference all prior allegations set forth in paragraphs 1-36 herein.

53.     Defendants' acts, as alleged in paragraphs 1-36, constitute unfair competition and trademark infringement under Arizona common law.

54.     As a consequence of Defendants' acts as alleged herein, Rolex has been damaged financially and irreparably.

55.     Upon information and belief, Defendants have acted intentionally, with malice aforethought and with such wanton and reckless disregard for Rolex and Rolex's rights in the Rolex Registered Trademarks that Rolex is entitled to punitive damages under Arizona law.

## PRAYER FOR RELIEF

Rolex requests that the Court enter judgment in Rolex's favor on all claims against all Defendants and that the Court award the following relief:

I.      That the Court enter an injunction ordering that Defendants, their agents, servants, employees, and all other persons in privity or acting in concert with them be enjoined and restrained from:

a.      Using any reproduction, counterfeit, copy or colorable imitation of the Rolex Registered Trademarks to identify any goods or the rendering of any services not authorized by Rolex;

b.   Engaging in any course of conduct likely to cause confusion, deception or mistake, or injure Rolex's business reputation or dilute the distinctive quality of the Rolex Registered Trademarks;

c.   Using a false description or representation including words or other symbols tending to falsely describe or represent Defendants' unauthorized goods or services as being those of Rolex or sponsored by or associated with Rolex and from offering such goods in commerce; and,

d.   Using or continuing to use the Rolex Registered Trademarks or trade names in any variation thereof on Defendants' Websites or anywhere else on the Internet (either in the text of a website, or as a keyword, search word, metatag, or any part of the description of the site ) in connection with any goods or services not authorized by Rolex.

II.   That Defendants, within ten (10) days of judgment, take all steps necessary to remove from the Websites, or any other website containing content posted by Defendants, whether or not owned or operated by Defendants, all text offering for sale counterfeit or infringing Rolex products and all Rolex Registered Trademarks or copies or colorable imitations thereof used to identify non-genuine Rolex products.

13

III.    That Defendants, within thirty (30) days of judgment, file and serve upon Rolex a sworn statement setting forth in detail the manner and form in which they have complied with this injunction pursuant to 15 U.S.C. § 1116(a).

IV.    That Defendants be required to account to Rolex for all profits resulting from Defendants' sale of counterfeit or infringing Rolex products and that the award to Rolex be trebled as provided for under 15 U.S.C. § 1117; alternatively, that Rolex be awarded statutory damages under 15 U.S.C. § 1117(c) of up to $2,000,000 for each mark Defendants have counterfeited.

V.    That Rolex recover from Defendants the costs and disbursements of this action in addition to reasonable attorney and investigator fees and pre-judgment interest pursuant to 15 U.S.C. § 1117.

VI.    That Defendants be required to deliver up for destruction to Rolex all material bearing the Rolex Registered Trademarks in association with unauthorized goods or services and the means for production of same pursuant to 15 U.S.C. § 1118.

VII.    That Rolex be awarded punitive damages for Defendants' willful and malicious acts of counterfeiting, infringement, false designations of origin, false descriptions and representations, and unfair competition to deter future unlawful activities as complained of herein.

VIII.    That this Court retain jurisdiction of this action for the purpose of enabling Rolex to apply to the Court at any time for such further orders and

interpretation or enforcement of any Order entered in this action, for the modification of any such Order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

IX.    That pursuant to 11 U.S.C. § 523(a)(6), Defendants be prohibited from a discharge under 11 U.S.C. § 777 for malicious, willful and fraudulent injury to Rolex.

X.    That Rolex be awarded such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED this 23rd day of July, 2018.

By     /s/ Sean D. Garrison
Glenn S. Bacal (AZ Bar No. 006812)
Sean D. Garrison (AZ Bar No. 014436)
BACAL LAW GROUP, P.C.
D/B/A/ BACAL & GARRISON LAW GROUP
E-mail:  glenn.bacal@bacalgroup.com
E-mail:  sean.garrison@bacalgroup.com
6991 East Camelback Road, Suite D-102
Scottsdale, Arizona  85251
Telephone:  (480) 245-6230
Fax:  (480) 245-6231

GIBNEY ANTHONY & FLAHERTY, LLP
Brian W. Brokate (pro hac vice motion forthcoming)
Beth M. Frenchman (pro hac vice motion forthcoming)
Maja Szumarska (pro hac vice motion forthcoming)

*Attorneys for Plaintiff*
*Rolex Watch U.S.A., Inc.*