IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rolex Watch USA Incorporated,<br><br>  Plaintiff,<br><br>vs.<br><br>Vintage Watchmaker, LLC, et al.,<br><br>  Defendants. | No. CV-18-02308-PHX-SPL<br><br>**ORDER** |

Before the Court is the parties' Stipulation for Entry of Final Judgment and Permanent Injunction Upon Consent (Doc. 27).  Having considered the parties' Stipulation for Entry of Final Judgment and Permanent Injunction Upon Consent, and finding good cause appearing,

**IT IS ORDERED** that the Stipulation for Entry of Final Judgment and Permanent Injunction Upon Consent (Doc. 27) is **granted in part**.  The Court declines to retain jurisdiction over this action for the purpose of making any further orders necessary or proper for the construction, implementation or modification of this Final Judgment, the enforcement thereof and the punishment of any violations thereof.

**IT IS FURTHER ORDERED** that the Court enters the following Final Judgment and Permanent Injunction Upon Consent:

///

///

///

In accordance with Fed. R. Civ. P. 54(c), Plaintiff Rolex Watch U.S.A., Inc. ("Rolex") and defendant Vintage Watchmaker LLC and Jensen Dinh (collectively "Defendants") have stipulated to the following facts and to the entry of this judgment and permanent injunction upon consent (the "Judgment") as follows:

1. Rolex is a corporation duly organized and existing under the laws of the State of New York, having an office and principal place of business at 665 Fifth Avenue, New York, New York, 10022.

2. Defendant Vintage Watchmaker LLC is a limited liability company formed under the laws of the State of Arizona with a principal place of business located at 150 N. Lakeview Blvd., Unit 16, Chandler, Arizona 85225.

3. Defendant Jensen Dinh is the sole member of Vintage Watchmaker LLC.

4. Rolex is the exclusive distributor and warrantor in the United States of Rolex watches, all of which bear one or more of the Rolex Registered Trademarks as defined below.

5. Rolex is the owner of the following federal trademark registrations in the U.S. Patent and Trademark Office:

| **Trademark** | **Reg. No.** | **Date** | **Goods** |
|---|---|---|---|
| **ROLEX** | 0,101,819 | 1/12/1915 | Watches, clocks, parts of watches and clocks, and their cases. |
| **OYSTER** | 0,239,383 | 3/6/1928 | Watches, movements, cases, dials, and other parts of watches. |
| **PRESIDENT** | 0,520,309 | 1/24/1950 | Wristbands and bracelets for watches made wholly or in part or plated with precious metals, sold separately from watches. |
| ♛ **(Crown Design)** | 0,657,756 | 1/28/1958 | Timepieces of all kinds and parts thereof. |

| **Trademark** | **Reg. No.** | **Date** | **Goods** |
|---|---|---|---|
| ♛ (Crown Design) | 1755226 | 3/2/1993 | Jewelry |
| **DATEJUST** | 0,674,177 | 2/17/1959 | Timepieces and parts thereof. |
| **GMT-MASTER** | 0,683,249 | 8/11/1959 | Watches. |
| **COSMOGRAPH** | 0,733,081 | 6/19/1962 | Watches and chronometers. |
| **SEA-DWELLER** | 0,860,527 | 11/19/1968 | Watches, clocks and parts thereof. |
| **MILGAUSS** | 0,875,616 | 8/26/1969 | Watches [and clocks,] and parts thereof. |
| **OYSTER PERPETUAL** | 1,105,602 | 11/7/1978 | Watches and parts thereof. |
| **YACHT-MASTER** | 1,749,374 | 1/26/1993 | Watches. |
| **SUBMARINER** | 1,782,604 | 7/20/1993 | Watches. |
| **ROLEX DAYTONA** | 1,960,768 | 3/5/1996 | Watches. |
| **DAYTONA** | 2,331,145 | 3/21/2000 | Watches. |
| **EXPLORER II** | 2,445,357 | 4/24/2001 | Watches. |
| **EXPLORER** | 2,518,894 | 12/18/2001 | Watches. |
| **PEARLMASTER** | 2,547,630 | 3/12/2002 | Watches. |
| **AIR-KING** | 2,953,542 | 5/17/2005 | Watches and parts thereof. |
| **GMT-MASTER II** | 2,985,308 | 8/16/2005 | Watches and parts thereof. |

Correct and true copies of Rolex's federal trademark registrations (hereinafter collectively referred to as the "Rolex Registered Trademarks") are attached to the Complaint as **Exhibit A**.

6. Rolex commenced this action on September 4, 2018, alleging trademark counterfeiting, trademark infringement, use of false designations of origin and Arizona common law trademark infringement and unfair competition.

7. Defendants owned and operated a website www.vintagewatchmaker.com("the Vintage Website"), an Instagram account under vintagewatchmaker and a Facebook account under Vintage Watchmaker (collectively referred to as Defendants' "Social Media") from which Defendants offered for sale and sold watches, watch parts and jewelry bearing counterfeit and infringing copies of one or more of the Rolex Registered Trademarks.

8. Defendants have produced documents to Rolex evidencing total sales of counterfeit and infringing products generating a gross profit of $144,148.23.

9. This Court has jurisdiction over the subject matter of this claim pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a) and (b) and personal jurisdiction over the parties.

10. Defendants wish to conclude this litigation at the initial pleading stage, and have agreed to cease all use of the Rolex Registered Trademarks as set forth herein and to the entry by the Court of this Judgment.

**NOW, THEREFORE**, upon the stipulation and consent of the parties hereto, and for good cause,

**IT IS ORDERED ADJUGED AND DECREED** as follows:

A. Defendants, their agents, members, servants, employees, attorneys and all persons acting in concert and participation with them, and their successors and assigns, jointly and severally be and hereby are, permanently restrained and enjoined from:

(a) using any reproduction, counterfeit, copy, or colorable imitation of the Rolex Registered Trademarks to identify any goods including, but not limited to, Rolex watches, watch parts and jewelry or the rendering of any services not authorized by Rolex;

(b) engaging in any course of conduct likely to cause confusion, deception or mistake, or injure Rolex's business reputation or weaken the distinctive quality of the Rolex Registered Trademarks, Rolex's name, reputation or goodwill;

(c) using a false description or representation including words or other symbols tending to falsely describe or represent their unauthorized goods as being those of Rolex or sponsored by or associated with Rolex and from offering such goods in commerce;

(d)     further infringing or diluting the Rolex Registered Trademarks by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, displaying or otherwise disposing of any products not authorized by Rolex bearing any simulation, reproduction, counterfeit, copy or colorable imitation of the Rolex Registered Trademarks;

(e)     using any simulation, reproduction, counterfeit, copy or colorable imitation of the Rolex Registered Trademarks in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Rolex, or to any goods sold, manufactured, sponsored or approved by, or connected with Rolex;

(f)     making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any services provided, products manufactured, distributed, sold or offered for sale, or rented by Defendants are in any way associated or connected with Rolex, or is provided, sold, manufactured, licensed, sponsored, approved or authorized by Rolex;

(g)     engaging in any conduct constituting an infringement of any of the Rolex Registered Trademarks, of Rolex's rights in, or to use or to exploit, said trademark, or constituting any weakening of Rolex's name, reputation and goodwill;

(h) using or continuing to use the Rolex Registered Trademarks or trade names in any variation thereof on the Internet (including but not limited to in the text of a website, as a domain name, or as a keyword, search word, metatag, or any part of the description of the site in any submission for registration of any Internet site with a search engine or index) in connection with any goods or services not directly authorized by Rolex;

(i) operating or engaging in a business involving a website or other enterprise that offers for sale any non-genuine products bearing the Rolex Registered Trademarks; and

(j) effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (i).

It is further ORDERED that in the event that Defendants are ever found by a court of competent jurisdiction, after notice and opportunity to be heard, to be in violation of the injunction set forth in this Final Judgment the parties agree that (a) Rolex will be entitled to pursue all claims for relief against Defendants, including but not limited to claims for contempt; and (b) Rolex will be entitled to recover any and all profits and additional damages, fees and costs incurred by Rolex due to Defendants' violation of this Final Judgment, and judgment shall be entered against Defendant in that full amount.

It is further ORDERED that a monetary judgment in the amount of $144,148.23 is hereby awarded to Rolex against all Defendants, jointly and severally, on all claims.

It is further ORDERED that (a) Defendants and Plaintiff shall bear their own costs and attorney fees; (b) this Judgment constitutes a final judgment concerning the subject matter of this action; and (c) Defendants and Plaintiff waive any right to appeal from this Judgment.

It is further ORDERED that this Final Judgment shall be binding upon and shall inure to the benefit of the parties and their respective heirs, successors and assigns, and acquiring companies.

This Final Judgment shall be deemed to have been served upon Defendants at the time it is posted by the Court on the ECF docket.

**IT IS FURTHER ORDERED**:

1. That this action is dismissed with prejudice in its entirety;
2. That each party shall bear its own costs and attorneys' fees; and
3. That the Clerk of Court shall terminate this action.

Dated this 16th day of November, 2018.

Honorable Steven P. Logan
United States District Judge